# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN OTIS THORNTON JR., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:17-CV-00199-RWS-CMC |
| | § | |
| v. | § | |
| | § | |
| CORVETTE PHILLIPS, CORRECTIONAL OFFICER; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, OFFICE OF THE ATTORNEY GENERAL, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Plaintiff John Otis Thornton Jr., proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Officer Corvette Phillips and the Texas Department of Criminal Justice.

## BACKGROUND

Plaintiff complained about two separate incidents. First, Plaintiff asserted Officer Phillips, who was a sergeant at the time, subjected him to excessive force on October 13, 2014. Second, Plaintiff contended Officer Phillips placed him in a shower in 11 Building for over two hours, exposing him to excessive heat, on July 8, 2018. Plaintiff claimed there was an empty dayroom which could have been used as a holding area instead of the shower. He maintained Officer Phillips knew about the heat risk but ignored it, instead closing the shower door slot.

Plaintiff stated when Lt. Adcock took him to the medical department after he was in the shower for two hours, he was "crying like a baby" and he is now "the laughing stock of the Telford Unit." He claimed he could have died in the shower and seeks $200,000,000.00 in damages for the two incidents. Plaintiff also asserts Officer Phillips's actions violated TDCJ rules and regulations and amounted to "attempted murder."

In a Step One grievance, Plaintiff contended Officer Phillips created a serious safety issue by closing the shower door slot. Plaintiff also alleges he asked for medical care, but Officer Phillips refused, telling him he was "going to die." Plaintiff's further alleged Lt. Adcock removed Plaintiff from the shower after over two hours, caused Plaintiff to fall and took Plaintiff to the medical department. Plaintiff claimed Officer Phillips retaliated against him, taking plaintiff's property and breaking Plaintiff's radio tuner. In response, Officer Phillips and Lt. Adcock denied Plaintiff's allegations.

In a Step Two appeal of this grievance, Plaintiff complained the administration failed to investigate his Step One grievance. Plaintiff also alleged Officer James, Officer Cole and Nurse Steele did not remove him from the shower when he requested. Plaintiff claims Nurse Steele said she did not help Plaintiff at Officer Phillips's direction. Plaintiff also claims Nurse Steele told him he would be removed from the shower shortly, but Plaintiff was left in the shower for another hour. In its Step Two response, the prison found the staff handled Plaintiff's Step One grievance appropriately and that there was no evidence of misconduct.

## **The Motion for Summary Judgment**

Officer Phillips moved for summary judgment, contending Plaintiff did not establish deliberate indifference. Specifically, Plaintiff did not allege sufficient harm—only mild overheating. Additionally, Officer Philips argues violations of TDCJ policies do not amount to a

constitutional claim. Officer Phillips also argued Plaintiff lacks standing to bring a criminal action for "attempted murder" and invoked his entitlement to the defense of qualified immunity.

In support, Officer Phillips furnished Plaintiff's medical records. Those records indicate Plaintiff was seen in the infirmary on July 8, 2016 based on complaints that he had been left in the shower. He was "ranting and raving," but he laid down on the floor and calmed down after 30 minutes. After calming down, Plaintiff had a blood pressure of 126/101 and a temperature of 98.1. His speech was clear; his pupils were equal, round and reactive to light; his hand grasps were strong and equal; and his gait was steady with no weakness in his lower extremities. Physician Assistant Barker diagnosed Plaintiff with mild overheating and noted Plaintiff's anger issues and preexisting hypertension. She directed Plaintiff to continue taking his hypertension medication and released him.

### **Plaintiff's Response to the Motion for Summary Judgment**

In response, Plaintiff identified a previous lawsuit based on these incidents, which was filed October 18, 2016. Case No. 5:16-cv-160. That lawsuit was dismissed without prejudice in June 2017, and Plaintiff filed this case—complaining about the same conduct—on November 8, 2017. In addition, Plaintiff complained that he did not receive responses to his Step One and Step Two grievances until October 13, 2016, which was not his fault. He explained he "went backward to add this violation 10/13/14 to show the Court Corvette Phillips have [sic] a pattern in his behavior toward inmates."

Arguing Officer Phillips's use of a shower as a holding cell violated TDCJ, Plaintiff asserted the shower has no air circulation when a plastic slot in the door is closed. He contended Officer Phillips knew the heat risk but ignored it and claimed the violation of policy rose to a constitutional level because the dayroom could have been used as a holding cell. Plaintiff stated

he would like a grand jury to make a judgment as to the two incidents and claimed Officer Phillips is not entitled to qualified immunity because the officer violated his constitutional rights and caused him harm.

## The Report of the Magistrate Judge

After setting out the standards applicable to motions for summary judgment, the Magistrate Judge first determined Plaintiff's excessive force claims were barred by Texas's two-year statute of limitations. Then, the Magistrate Judge found Plaintiff's deliberate indifference claims failed to allege more than *de minimus* injury. Specifically, Plaintiff alleged that he suffered chest pains, but the medical records do not reflect any complaint of such pains. Instead, these records show he suffered only from mild overheating, elevated blood pressure, and anger issues. The Magistrate Judge found these alleged injuries to be *de minimus*

For support, the Magistrate Judge looked to *Decker v. Dunbar*, 633 F. Supp. 2d 317, 343 (E.D. Tex. 2008). There, a prisoner complained he was placed in an extremely hot holding cell for approximately one-and-a-half hours. This Court found that prisoner was not subjected to cruel and unusual punishment. Specifically, the one-and-a-half hours is not a "excessive period of time, so as to cause th[e] exposure to rise to the level of a constitutional violation," and the prisoner had not alleged more than *de minimus* injury—dehydration and lightheadedness.

The Magistrate Judge observed, as in *Decker*, Plaintiff did not show he suffered any more than *de minimis* injuries. His medical exam showed only mild overheating and elevated blood pressure, and the nurse told him to continue taking his blood pressure medication and released him from the infirmary. Although Plaintiff claimed he was "crying like a baby" and he is now "the laughing stock of the Telford Unit," the Magistrate Judge stated these allegations do not show he suffered any more than de minimis injuries. To the extent Plaintiff claims these as psychological

injuries, the Magistrate Judge stated he cannot recover compensatory damages for mental or emotional distress absent a showing of physical injury, which he has not made. Thus, the Magistrate Judge stated Plaintiff's claims concerning the July 8, 2016 incident are without merit.

The Magistrate Judge also found Plaintiff failed to show that being held in a shower for two hours amounted to an excessive risk to his health or safety, nor has he shown Officer Phillips knew of and disregarded any such risk. While Plaintiff claims Officer Phillips told Plaintiff he was going to die, the Magistrate Judge concluded this statement did not, by itself, show deliberate indifference; rather, the remark appeared to be an idle threat, which is does not amount to a constitutional claim.

Additionally, the Magistrate Judge found that Plaintiff cannot pursue criminal charges here and violations of TDCJ rules and regulations alone are not constitutional violations. Plaintiff also asserted in his Step One grievance that Officer Phillips confiscated or destroyed his property and retaliated against him. But the Magistrate Judge determined these claims did not appear to be exhausted because the claims were not raised in Plaintiff's Step Two appeal. In any event, those claims lacked merit on their face because post-deprivation procedures are available. The Magistrate Judge also concluded Officer Phillips was entitled to qualified immunity.

Although Plaintiff also named the Texas Department of Criminal Justice as a defendant in his lawsuit, the Magistrate Judge stated TDCJ is an agency of the State of Texas and is therefore immune from suit under the Eleventh Amendment. The Magistrate Judge therefore recommended the Motion for Summary Judgment be granted and Plaintiff's lawsuit be dismissed.

## Discussion of Plaintiff's Objections to the Report

First, Plaintiff complains that the Magistrate Judge did not address the fact that the Defendant claims he was locked in a cell with a shower, when in fact he was locked in the shower itself. Had he been locked inside a cell with a shower, Plaintiff asserts he would have had access to a fan.

The Magistrate Judge's Report makes clear Plaintiff alleges he was locked inside a shower, not a cell with a shower in it. Even if the Defendant's Motion for Summary Judgment mischaracterized Plaintiff's claim, this is not a basis upon which to reject the Magistrate Judge's Report. This objection is without merit.

Second, Plaintiff claims he took an EKG for chest pain, citing Docket No. 42. This document is Plaintiff's exhibit list, which lists "relevant portions of plaintiff's medical records" as an exhibit. Plaintiff, however, does not provide evidence showing he received an EKG or how that alleged EKG relates to this case. Neither his grievances nor his response to the Motion for Summary Judgment (Docket No. 41) mention an EKG, despite Officer Phillips raising the issue of of harm. Plaintiff's medical records attached to the Motion for Summary Judgment did not mention an EKG. Plaintiff's claim of having received an EKG related to this incident is conclusory and cannot defeat summary judgment. *Boudreaux v. Swift Transportation Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

Plaintiff contends Officer Phillips acted maliciously and sadistically to cause harm, stating Officer Phillips knew the heat risk but ignored it by closing the shower slot. He claims Officer Phillips knew that 11 Building stays over 100 degrees all the time during the summer and closing the slot on the shower would lead to excessive heat. After arguing Officer Phillips violated TDCJ

rules and regulations, Plaintiff contends his Eighth Amendment rights were violated when Officer Phillips closed the slot and left him in the shower for over two hours.

The Magistrate Judge correctly determined Plaintiff suffered no more than *de minimis* harm from his alleged two hours locked in a shower. His medical records show only mild overheating and elevated blood pressure. And Plaintiff's elevated blood pressure was a preexisting condition, for which Plaintiff was taking medication. The summary judgment evidence does not identify, or even suggest, further injury. *See Decker*, 633 F. Supp. 2d at 343 (placement in an extremely hot holding cell for some 90 minutes was not a constitutional violation); *also Montgomery v. Johnston*, 184 F.3d 816 (5th Cir. 1999) (holding inmate's claim that he was forced to walk across hot concrete barefooted and then made to sit in the sun, wearing only boxer shorts, for four hours did not set out a constitutional claim); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (holding allegations of hot cell contributing to prisoner's sinus condition did not amount to cruel and unusual punishment). Plaintiff's objections in this regard are without merit.

Plaintiff asserts Officer Phillips violated his constitutional rights when he made the statement "you're going to die" and left him in the shower for over two hours. But these allegations are not sufficient to overcome qualified immunity. Plaintiff has not shown a violation of a constitutional right, nor has he established all reasonable prison officials would know Officer Phillips's conduct violated the Constitution. *See Kitchen v. Dallas County*, 759 F.3d 468, 476 (5th Cir. 2014). Officer Phillips's statement that "you're going to die" may have been intemperate and improper, but it was not a constitutional violation. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (allegations of verbal abuse do not present actionable claims under § 1983). These objections are without merit.

Plaintiff argues Officer Phillips violated TDCJ-CID policy by engaging in sub-standard duty performance and mistreating an offender. However, violations of TDCJ-CID policy do not themselves amount to constitutional violations. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). These objections are without merit.

Plaintiff complains the Texas Department of Criminal Justice is in "total default" because the Department did not file an answer. He states a suit against an official in his official capacity is a suit against the State and says his claim against Officer Phillips is the same claim he has against TDCJ, for $100,000,000.00 for each incident. The Magistrate Judge correctly determined the Texas Department of Criminal Justice is an agency of the State of Texas and, thus, enjoys Eleventh Amendment immunity from suit. *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1988). Plaintiff's objections in this regard are without merit.

Plaintiff asserts he is being denied due process under the Fourteenth Amendment as well as being denied access to the Court, although he does not elaborate on either of these allegations. These claims are raised for the first time in Plaintiff's objections to the Magistrate Judge's Report, and as such, are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). In any event, neither of these claims offers any basis upon which to set aside the Magistrate Judge's Report. Plaintiff's objections are without merit.

Plaintiff did not object to the Magistrate Judge's conclusion that the claim concerning the incident of October 13, 2014 is barred by the statute of limitations. He also did not object to the Magistrate Judge's determinations that the claims for retaliation and destruction of property which appear in the Step One grievance attached to Plaintiff's complaint fail to state a claim upon which

Plaintiff argues Officer Phillips violated TDCJ-CID policy by engaging in sub-standard duty performance and mistreating an offender. However, violations of TDCJ-CID policy do not themselves amount to constitutional violations. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). These objections are without merit.

Plaintiff complains the Texas Department of Criminal Justice is in "total default" because the Department did not file an answer. He states a suit against an official in his official capacity is a suit against the State and says his claim against Officer Phillips is the same claim he has against TDCJ, for $100,000,000.00 for each incident. The Magistrate Judge correctly determined the Texas Department of Criminal Justice is an agency of the State of Texas and, thus, enjoys Eleventh Amendment immunity from suit. *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1988). Plaintiff's objections in this regard are without merit.

Plaintiff asserts he is being denied due process under the Fourteenth Amendment as well as being denied access to the Court, although he does not elaborate on either of these allegations. These claims are raised for the first time in Plaintiff's objections to the Magistrate Judge's Report, and as such, are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). In any event, neither of these claims offers any basis upon which to set aside the Magistrate Judge's Report. Plaintiff's objections are without merit.

Plaintiff did not object to the Magistrate Judge's conclusion that the claim concerning the incident of October 13, 2014 is barred by the statute of limitations. He also did not object to the Magistrate Judge's determinations that the claims for retaliation and destruction of property which appear in the Step One grievance attached to Plaintiff's complaint fail to state a claim upon which

relief may be granted. The Court has reviewed the Magistrate Judge's conclusions in this regard and has determined that these conclusions are correct.

## Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 63) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Defendant's Motion for Summary Judgment (Docket No. 36) is **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE** on summary judgment with the following exceptions: Plaintiff's retaliation claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff's confiscation or destruction of property claims are **DISMISSED WITH PREJUDICE** as to their refiling in federal court but **WITHOUT PREJUDICE** as to their refiling in state court. The statute of limitations on such property claims is tolled for the time this lawsuit was pending and for 30 days thereafter. The plaintiff's claims against the Texas Department of Criminal Justice, Correctional Institutions Division are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

It is so **ORDERED.**

**SIGNED this 21st day of October, 2019.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE